IN THE UNITED STATES DISTRICT COURT  JAN 1 8 2007
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION



| | |
|---|---|
| **RACRESHA POWERS,** | )  |
| Plaintiff, | ) Civil Action No.: 2:05cv00070 |
| v. | ) |
| | ) **ORDER** |
| **WAL-MART STORES, INC.,** | ) |
| | ) By: GLEN M. WILLIAMS |
| Defendant. | ) Senior United States District Judge |

This case is before the court on the plaintiff's motion for leave to file a late appeal, ("Late Appeal Motion"), (Docket Item No. 31), filed on January 9, 2007. On October 5, 2006, the undersigned granted summary judgment in favor of the defendant in this case, Wal-Mart Stores, Inc.

Pursuant to Federal Rule of Appellate Procedure 4(a)(1), the plaintiff had 30 days from the entry of this judgment to file a notice of appeal. The 30-day time limitation is considered "mandatory and jurisdictional." *Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 264 (1978) (quoting *United States v. Robinson*, 361 U.S. 220, 229 (1960)). However, under Federal Rule of Appellate Procedure 4(a)(5), the district court has the ability to extend the time to file a notice of appeal for an additional 30 days, *if* the party moves for such an extension within that additional 30-day period, *and* provided that the party also can demonstrate "excusable neglect or good cause." It should be noted, however, that "[n]o extension under 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order

granting the motion is entered, whichever is later." FED. R. APP. P. 4(a)(5)(C).

Thus, a motion to file a late appeal must be made within the 30-day extension period beginning immediately after the initial 30-day appeal period has expired. Pursuant to Rule 4(a)(5)(i) any motion for appeal filed past the 30-day extension period may not be granted. If a motion for leave to file a late appeal made within the 30-day extension period is granted by the court, the party seeking to appeal receives at least 10 days after the order granting the motion is entered to file their notice of appeal. The additional time allowed under Rule 4(a)(5) is the maximum that the deadline to file an appeal can be extended. *See Ali v. Lyles*, 769 F.2d 204, 205 (4th Cir. 1985) (citing *Hensley v. Chesapeake & Ohio Ry. Co.*, 651 F.2d 226, 228 (4th Cir. 1960)).

In this case, final judgment was entered on October 5, 2006. As a result, 30 days from the entry of final judgment in this case was November 4, 2006. However, November 4, 2006, was a Saturday. Therefore, the last day upon which the plaintiff could have timely filed an appeal was November 6, 2006. This deadline was missed. Upon missing this deadline, the plaintiff had 30 additional days from November 6, 2006, in which to file a motion for an extension of time in which to file an appeal based on a showing of excusable neglect or good cause pursuant to Rule 4(a)(5). The last day that the plaintiff could have timely filed this motion would have been December 6, 2006. This deadline was also missed. In fact, no attempt to file any motion related to the plaintiff's appeal was made until January 9, 2007, 34 days after the extension period had elapsed.

Case 2:05-cv-00070-GMW-PMS   Document 33   Filed 01/18/07   Page 2 of 3   Pageid#: 311

If a motion to file a late appeal is not made within the original 30-day appeal period or within the 30-day extension period described by Rule 4(a)(5), this court cannot extend the time period to file an appeal. *See* FED. R. APP. P. 4(a)(5)(C); *Ali*, 769 F.2d at 205.

Therefore, the plaintiff's Late Appeal Motion filed on January 9, 2007, is hereby **DENIED**.

The Clerk is directed to enter this Order and to send copies of this Order to all counsel of record. The clerk is further directed that this case is to be stricken from the docket.

**ENTER:** This 18th day of January, 2007.

GLEN M. WILLIAMS
SENIOR UNITED STATES DISTRICT JUDGE